UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EVA P. HOBSON,<br><br>    Plaintiff,<br><br> vs.<br><br>CAROLYN COLVIN<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 4:12-CV-04095-KES<br><br>REPORT AND RECOMMENDATION |

**BACKGROUND**

Plaintiff, Eva P. Hobson ("Hobson"), filed this *pro se* action in 2012 seeking a review of the Commissioner's denial of benefits. See Docket 1. Her Complaint was a very non-specific, one-page document. Id. Ms. Hobson has a long and complicated claims history with the Social Security Administration. At the time Hobson filed this pending action in federal court, however, the most recent unfavorable decision[1] she had received from the Social Security Administration was a November, 2009 written decision from Administrative Law Judge Lyle Olson which pertained to the amount of Supplemental Security Income (SSI) benefits which were due her for the time period spanning from June, 2007 through August, 2008. See AR 8-15.

---

[1] The November 16, 2009 decision is actually designated as "partially favorable" to Hobson. AR 8.

Following her one-page Complaint, Hobson filed documents with the court indicating the issues she wished to appeal were much broader than those encompassed by the ALJ's November 16, 2009 decision.  The administrative record before the court did not include the information necessary to address the additional issues raised by Hobson.

Thereafter, Judge Schreier issued an Order dated March 20, 2014, staying this case (Docket 24) and ordering the Social Security Administration to produce the appropriate administrative records.  Judge Schreier further ordered the parties to submit documentation and legal authorities regarding Hobson's claim for further benefits, and whether those claims were ripe for judicial review.

In response to Judge Schreier's Order dated March 20, 2014, Hobson filed a document (Docket 26) clarifying her intent in filing a Complaint with this court:  Hobson indicated she received a "fully favorable" decision as a result of a hearing which was held on May 17, 2012. Docket 26-2.  The decision granted her SSI benefits beginning on October 11, 2005.  Id.  She believes, however, that although the decision was deemed "fully favorable" it did not go far enough because (1) she should have received benefits beginning January 1, 2002; or alternatively (2)  she believes she should have received benefits continually beginning in 1996.  Docket 26, p.1.   Finally, Hobson also explained that she believes she has only received "part" of the benefits she has been awarded.  Id.

The defendant also filed documents in response to Judge Schreier's March 20, 2014 Order.  See Declaration of Roxie Nicoll (Docket 28) and Memorandum (Docket 27).  The defendant also filed a supplemental administrative record, consisting of the transcript of the May 17, 2012 hearing (AR 160-93).  It now appears the court has before it all the necessary information to both (1) understand the relief requested by Hobson and (2) recommend a ruling on Hobson's request.

## JURISDICTION

This appeal of the Commissioner's final decision denying benefits is properly before the District Court pursuant to 42 U.S.C. § 405(g).  Judge Schreier referred this matter to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)  and her Standing Order dated October 16, 2014.

## SOCIAL SECURITY ADMINISTRATION PROCEEDINGS

To better understand Hobson's position and her request to this court, her claims history with the Social Security Administration is helpful.  That history is outlined in Roxie Nicoll's Declaration (Docket 28).  Nicoll is the Chief of Court Case Preparation and Review for Branch IV of the Social Security Administration Office of Appellate Operations.  See Docket 28.

Hobson's requests for Supplemental Security Income (SSI) benefits began with her April, 1992 application.  See Nicoll Declaration, Docket 28 at ¶2(b).  Hobson was found disabled and was awarded SSI benefits beginning in April, 1992.  Id.  The agency conducted a review, however, and later determined

Hobson had medically improved and was no longer entitled to benefits. Id. In an initial determination, it terminated her SSI benefits effective November, 1996. Hobson requested reconsideration, but reconsideration was denied in December, 1996. Id. There is no evidence Hobson appealed the decision on reconsideration. Id. Her SSI payments ceased in January, 1997. Id.

In October, 2005, Hobson filed her second application for SSI benefits. Nicoll Declaration, Docket 28 at ¶2(d). The application was denied. Id. Hobson did not appeal. Id.

In June, 2006, Hobson filed her third application for SSI benefits. Id. at ¶2(e). The claim was initially denied. Hobson appealed and requested a hearing before an administrative law judge (ALJ), but her request was not acted upon. Id.

In June, 2007, Hobson filed her fourth application for SSI benefits. Id. at ¶ 2(a). She alleged disability since January 1, 2002. In May, 2008, the Social Security Administration found Hobson met all requirements for SSI benefits. Id. In June, 2008, Hobson received a Notice of Award explaining she was entitled to back benefits of $1,708.50 for a period between July 2007 and June, 2008 and setting forth the amount of future monthly payments. Id. The notice also explained how Hobson's income affected her SSI benefits. Id. Hobson requested reconsideration of the income calculation and an ALJ hearing. In November, 2009, the Honorable Lyle Olson issued a written decision concluding the Social Security Administration should recalculate Hobson's SSI benefits for the period between July 2007 and August 2008. Id.;

AR 138-159.  Hobson appealed the ALJ's decision, but he Appeals Council was unable to locate the record in her case.  AR 127.  On July 21, 2011, the Appeals Council therefore vacated the ALJ's decision and remanded the case to the ALJ for further proceedings.  Id.  On February 1, 2012, however, the Appeals Council notified Hobson it had located her file.  The Appeals Council vacated its prior order. AR 131.  On March 29, 2012, the Appeals Council notified Hobson that it was denying her request for review regarding the re-calculation of her benefits for the period between July 2007 and August, 2008.  AR 4-6.

When it was discovered that Hobson's request for a hearing before an ALJ regarding the denial of her third (2006) application was not acted upon, a hearing was held on May 12, 2012 before the Honorable Robert Maxwell.  Nicoll Declaration, Docket 28 at ¶ 2(e); AR 160-193.  During this hearing, the ALJ re-opened Hobson's second (2005) application for SSI benefits.  Judge Maxwell ruled from the bench that Hobson was disabled effective October 11, 2005.  Nicoll Declaration, Docket 28 at ¶ 2(e); AR p. 190-191.  Hobson did not request review of this decision.  Nicoll Declaration, Docket 28 at ¶ 2(e).

On July 18, 2012, the Social Security Administration sent a letter to Hobson in response to a recent inquiry by her about the Administration's decision to discontinue her SSI benefits in 1996.  Nicoll Declaration, Docket 28 at ¶ 2(c); and Docket 28-3.  Hobson's letter to the Administration is not a part of this record.  The Administration's letter explained to Hobson that after her benefits were discontinued in 1996, she filed a reconsideration appeal which

was denied, but she did not request a hearing or pursue that matter any further, so she did not have any further appeal rights with the Social Security Administration regarding the 1996 discontinuation of benefits. Docket 28-3.

After the May, 2012 ALJ hearing in which ALJ Maxwell determined Hobson was disabled effective October 11, 2005, the Social Security Administration wrote Hobson a letter to explain the benefits she would receive as a result of ALJ Maxwell's decision. On July 24, 2012, Hobson received a written Notice of Award. Nicoll Declaration, Docket 28 at ¶ 2(f); Docket 28-2. The written notice advised Hobson she was owed back benefits in the amount of $10,580.08 for the period of November, 2005 through December, 2007 and explaining the amount owed for each month during that time frame. Docket 28-2  Hobson did not appeal this Notice of Award.

Finally, on July 13, 2013, the Social Security Administration notified Hobson that the July 24, 2012 Notice of Award was incorrect. Nicoll Declaration, Docket 28 at ¶ 2(g); and Docket 28-4. The letter informed Hobson that although the July 24, 2012 notice indicated she was entitled to back benefits for the entire period between November, 2005 and December, 2007, she had already received SSI benefits for the period between July, 2007 and December, 2007.[2] See Docket 28-4. Because the Administration had already paid $8,088.04 in back benefits for the period between November 2005 and December, 2007, it explained no further back benefits were owned to Hobson. Id.

---

[2] This prior receipt of benefits was based on Hobson's fourth (2007) application. See Nicoll Declaration, ¶ 2(g).

**DISCUSSION**

Hobson's original Complaint (Docket 1) combined with her clarification (Docket 26) reveal the issues she wishes to appeal to this court are (1) that when the Administration awarded her benefits pertaining to her second (2005) application after the May, 2012 hearing, it should have awarded benefits beginning in January, 2002 rather than November, 2005; (2) she should have received SSI benefits continually beginning in 1996; and (3) she should have received the full amount of the award referenced in the July 24, 2012, Notice of Award letter instead of the reduced amount of $8,088.04.  These three issues are discussed below.

**A.    The Exhaustion Requirement**

The federal courts' ability to review decisions made by the Social Security Administration is limited.  Specifically, 42 U.S.C. § 405(g) and (h) outline the authority and the timing of intervention by the federal courts.  Section 405(g) states in relevant part:

> **(g) Judicial review**
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or if he does not reside or have his principal place of business within such judicial district, in the United States District Court for the District of Columbia . . .

Section 405(h) states:

> **(h) Finality of Commissioner's decision**
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this Subchapter.

The Social Security Regulations explain the steps a claimant is required to follow in order to exhaust her remedies.  First, there is an initial determination by the agency.  20 C.F.R. §§ 416.1400(1); 416.1402.  If the claimant is dissatisfied with the initial determination, she may ask for reconsideration.  20 C.F.R. §§ 416.400(2); 416.1407.  If the claimant is dissatisfied with the reconsideration determination, she may ask for a hearing before an administrative law judge (ALJ).  20 C.F.R. §§ 416.400(3); 416.1429.  If a claimant is dissatisfied with the result of the ALJ hearing, she may request the Appeals Council to review the ALJ's decision.  20 C.F.R. §§ 416.400(4); 416.1467.  If the claimant has completed the administrative review process but remains dissatisfied, she may request review from the federal district court.  20 C.F.R. §§ 416.400(5); 416.1481.

The Social Security Commissioner's decision is not "final" unless the claimant has presented her claim for benefits to the commissioner and exhausted the prescribed administrative remedies before seeking judicial review.  <u>Sipp v. Astrue</u>, 641 F.3d 975, 979 (8th Cir. 2011).  A claimant's failure

8

to properly present her claim to the commissioner divests the federal court of jurisdiction entirely. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. Courts may waive the exhaustion requirement if the claimants establish (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.

Degnan v. Burwell, 765 F.3d 805, 808 (8th Cir. 2014) (citations omitted).

Additionally, exhaustion may be waived if the claimant raises a colorable constitutional claim which is collateral to her substantive claim of entitlement to benefits. Anderson v. Sullivan, 959 F.2d 690, 693 (8th Cir. 1992) (citation omitted). The application of these principles to Hobson's requests for relief in this case require that they be dismissed for lack of federal court jurisdiction.

**B.     The Court Cannot Grant Relief to Hobson.**

Hobson's requests for relief articulate issues which she has not properly exhausted with the Social Security Administration. The federal court, therefore, has no jurisdiction to rule on the claims Hobson presents.

> **1. Hobson's Claim That She Should Have Received Back Benefits Beginning in 2002 For Her Second (2005) SSI Application is Barred by Her Failure to Exhaust Administrative Remedies and is Contrary to Law.**

In Docket 26, Hobson explains "on May 17, 2012 the Judge made a decision of fully favorable. The Judge was suppose to go back on this decision from Jan. 1, 2002, but he explain to me that they did not send him all of my

9

paperwork so he was only able to go back to 2005." As indicated above, when ALJ Maxwell held the May 17, 2012 hearing, it was ostensibly for the denial of Hobson's third (2006) application for SSI benefits. At the beginning of the hearing, however, ALJ Maxwell determined that because of the timing of her claims, Hobson's second (2005) claim could be re-opened. See AR 164. Ultimately, ALJ Maxwell issued a favorable decision and found Hobson was disabled beginning October 11, 2005. The award letter explained that SSI rules do not allow payment of benefits until the month after the claimant becomes eligible. See Docket 28-2.[3] Hobson did not ask for reconsideration of this decision pursuant to 20 C.F.R. §§ 416.400(2) or 416.1407, nor did she pursue any of the other steps in the administrative remedy process prescribed by the Social Security Administration. Nicoll Declaration, Docket 28, ¶ 2(f).

This court, therefore, does not have jurisdiction to now consider Hobson's claim regarding the proper start date for Hobson's back-dated SSI payments pertaining to her second (2005) SSI application. Sipp, 641 F.3d at 979-80; Mathews, 424 U.S. 328.

It is noted that Hobson's 2007 application for benefits (the one which ostensibly originally prompted this federal lawsuit) alleged disability beginning on January 1, 2002. See Nicoll Declaration, Docket 28 at ¶ 2(a). Hobson prevailed on that application for benefits, but the Commissioner determined

---

[3] The defendant correctly notes in her brief that 20 C.F.R. § 416.335 prohibits receipt of SSI benefits (even if the claimant meets all eligibility requirements) until the month *following* when the application was filed. In this instance, therefore, any appeals of this issue by Hobson would have been futile, because her 2005 application was filed in October, 2005. See Nicoll Declaration, Docket 28, ¶ 2(d).

she was entitled to back benefits beginning in July, *2007,* not January 2002 as requested by Hobson. The Commissioner does not argue Hobson has failed to exhaust her administrative remedies as to the 2007 application. Hobson filed the 2007 application in June, 2007. Pursuant to 20 C.F.R. § 416.335, therefore, the earliest she could receive benefits was July, 2007. Her claim for benefits beginning in January 2002 pursuant to the 2007 application likewise fails.

> **2. Hobson's Claim for Benefits Arising from her First (1996) SSI Application is Barred by Her Failure to Exhaust Administrative Remedies.**

Next, Hobson indicates that she believes she should have been continuously receiving SSI benefits beginning in 1996. In Docket 1, she explains "I were cut off in 1997, they didn't have a good reason . . ." and in Docket 26, she continued, "I had a open case file from 1996 until today . . ." This claim, however, suffers the same fate as her assertion that ALJ Maxwell should have begun her back payments in connection with her second (2005) application at an earlier date. When Hobson's SSI benefits were discontinued in 1997, she appealed the initial decision to the reconsideration level, but her request for reconsideration was denied. See Nicoll Declaration, Docket 28 at ¶2(b). Hobson did not pursue the matter any further until she inquired about it in May, 2012. Id.; Nicoll Declaration, Docket 28 at ¶ 2(c); and Docket 28-3. At that time, the Administration explained to Hobson that after her benefits were discontinued, she filed a reconsideration appeal which was denied, but she did not request a hearing or pursue that matter any further, so she did not

11

have any further appeal rights with the Social Security Administration regarding the 1997 discontinuation of benefits.  Docket 28-3.  Because she failed to exhaust her remedies regarding the Commissioner's decision to discontinue her benefits in 1997, this court does not have jurisdiction to now consider Hobson's claim that the decision was erroneous.  <u>Sipp</u>, 641 F.3d at 979-80; <u>Mathews</u>, 424 U.S. 328.

### 3. Hobson Has Already Received the Full Amount of Benefits Referenced in the July 24, 2012 Notice of Award.

Finally, it appears that Hobson believes she has received only part of the back pay she was awarded by Judge Maxwell.  <u>See</u> Docket 26, p.1.  It is unclear to the court whether the Social Security Administration's July 31, 2013 correction letter (Docket 28-4) is an initial determination which is subject to the exhaustion requirements.  Nevertheless, it may be helpful to Hobson to again explain the meaning of the July 31, 2013 letter.

The Notice of Award dated July 24, 2012, (Docket 28-2) awarded back benefits for a time period encompassing November, 2005 through December, 2007.  The Administration may not have realized, however, when this letter was sent in July, 2012,  that Hobson had, as a result of her previous 2007 SSI application, *already received benefits* for part of that time period-- specifically she had already received benefits for the time between July, 2007 through December, 2007.   Though Hobson was entitled to back pay, she was *not* entitled to *double* pay.  When the Social Security Administration realized this mistake, it sent Hobson the July 31, 2013 letter and accordingly notified her

12

that she had already been paid all the back benefits to which she was entitled and no further back pay benefits would be paid.

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is RECOMMENDED to the district court that Hobson's Complaint (Docket 1) and Supplement (Docket 26) be DISMISSED without prejudice for lack of jurisdiction.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 6th day of April, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge